IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| O.K., | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No.: 4:25-cv-257-CDL-CHW |
| | : | |
| Warden, STEWART DETENTION | : | Proceedings under 28 U.S.C. § 2241 |
| CENTER, | : | Before the U.S. Magistrate Judge |
| | : | |
| Respondent. | : | |
| | : | |

**ORDER AND RECOMMENDATION**

Before the Court is Respondent's motion to dismiss (Doc. 5) Petitioner O.K.'s application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Respondent responded to the petition as directed, and therefore, Petitioner's motions for an order to show cause (Docs. 7, 10) are **DENIED** as moot. For the following reasons, it is **RECOMMENDED** that Respondent's motion to dismiss (Doc. 5) be **GRANTED** and Petitioner's Section 2241 motion (Doc. 1) be **DISMISSED without prejudice**. It is further **RECOMMENDED** that Petitioner's motions for temporary restraining order (Docs. 8, 11) be **DISMISSED**.

**BACKGROUND**

Petitioner, a native and citizen of Iran, entered the United States on July 21, 2015, as a Refugee. (Doc. 5-3, p. 1, ¶ 3). Petitioner's status was adjusted to a lawful permanent resident on February 9, 2017. (*Id.*, ¶ 4). However, on February 10, 2020, Petitioner was convicted of three felonies in the Superior Court of Jasper County, Georgia, and sentenced

1

to a term of 15 years, to serve the first three in prison. (Doc. 5-5); *see also* (Doc. 1-1, p. 31-35). Following Petitioner's convictions, Petitioner was issued a Notice to Appear on March 31, 2020, charging him with removability under 8 U.S.C. § 1227(a)(2)(A)(iii). (Doc. 5-3). Petitioner first entered ICE custody on or about May 22, 2020. (Doc. 5-1, ¶ 7), and on June 30, 2020, an Immigration Judge ordered that Petitioner to be removed to Iran. (*Id.*, ¶ 8; Doc. 5-4). Petitioner and the Department of Homeland Security ("DHS") waived appeal. (Doc. 5-4). Petitioner was released from ICE custody on May, 25, 2021, under an order of supervision. (Doc. 5-1, ¶ 9; Doc. 1, p. 1). Petitioner was taken back into ICE custody on July 2, 2025, as reflected on a Form I-213 completed on July 4, 2025. (*Id.* ¶ 10; Doc. 5-2).

Petitioner filed for habeas relief pursuant to 28 U.S.C. § 2241 on July 29, 2025. (Doc. 1). Following an extension of the time to respond, Respondent filed a motion to dismiss the petition as premature on September 15, 2025. (Doc. 5). Petitioner has filed several miscellaneous motions since filing his petition (Docs. 7, 8, 10, 11) and a "motion to grant," (Doc. 13), which is construed as Petitioner's response in opposition to the motion to dismiss. All motions are now ripe for review.

## DISCUSSION

*Petitioner's Motions to Request a Show-Cause Order (Docs. 7, 10)*

Petitioner filed two motions requesting the Court to issue a show cause order as to why the Government should not be sanctioned for failing to answer the petition by the original deadline. (Docs. 7, 10). The Government filed a motion for leave to file its response, which was granted. (Docs. 4; see Docket, 9/11/2025 Text Order). The

Government then timely filed its motion to dismiss in response to the petition. (Doc. 5). Petitioner's motions for a show cause order (Docs. 7, 10) are now moot and are **DENIED**.

*Petitioner's Motions for a Temporary Restraining Order (Docs. 8, 11)*

Petitioner likewise filed two motions for temporary restraining orders to be issued by the Court, presumably to effectuate his release and, thus, grant his habeas petition. (Docs. 8, 11). Even if Petitioner's requests for a temporary restraining order were appropriate in this action, his petition for habeas relief is premature as explained below. However, the motions could also be construed as a request for orders to prevent his removal to a country other than Iran. *See* (*Id*.) To the extent Petitioner seeks an order enjoining his removal to a third county, the Court is without jurisdiction to prevent the execution of Petitioner's previous and valid order of removal. *See* 8 U.S.C. §§ 1252(a)(2)(C), 1252(g). Therefore, it is **RECOMMENDED** that Petitioner's motions (Docs. 8, 11) be **DISMISSED**.

*Respondent's Motion to Dismiss (Doc. 5)*

Respondent moves the Court to dismiss Petitioner's habeas petition, arguing that his detention is governed by 8 U.S.C § 1231 and that any claim for relief pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001) is premature. Respondent also argues that even if the petition were timely, Petitioner could not present evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. Because Petitioner's request for habeas relief is premature, Respondent's motion to dismiss should be granted.

A removal order has been entered as to Petitioner, which means that his detention is governed by 8 U.S.C. § 1231(a). Under § 1231(a), "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). This removal period begins on the latest of three triggering dates:

> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.
>
> *Id.* at §§ 1231(a)(2)(B)(i)–(iii).

Detention during this 90-day "removal period" is mandatory. *Id.* at § 1231(a)(2)(A). This removal period shall be extended "and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." *Id.* at § 1231(a)(1)(C). Detention may continue beyond the 90-day period if it is "reasonably necessary" to effectuate removal. *Zadvydas*, 533 U.S. at 689; 8 U.S.C. § 1231(a)(6).

Although § 1231(a)(6) does not limit the length of post-final order detention, the Supreme Court of the United States determined in *Zadvydas* that detention for six months is presumptively reasonable to accomplish the ordered removal. *Zadvydas*, 533 U.S. at 701. Following this six-month period, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable further, the Government must respond with evidence sufficient to rebut that showing." *Id.* The United

4

States Court of Appeals for the Eleventh Circuit has explained that for an alien to state a claim under *Zadvydas*, he must show "(1) that the six-month period, which commences at the beginning of the statutory removal period, has expired when the § 2241 petition is filed; and (2) 'evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.'" *Gozo v. Napolitano*, 309 F. App'x 344, 346 (11th Cir. 2009) (quoting *Akinwale v. Ashcroft*, 287 F.3d 1050, 1051–52 (11th Cir. 2002)).

Respondent argues that Petitioner's Section 2241 petition should be dismissed as premature because Petitioner had not been detained for longer than six months as of the date of Petitioner's filing, as required by *Zadvydas*. Respondent premises this argument on July 2, 2025, the day that Petitioner most recently entered ICE custody, being the triggering date of the presumptively reasonable six-month removal period. (Doc. 5, p. 4). If this date is correct, Petitioner's habeas action, filed on July 29, 2025, is approximately five months premature. Thus, Petitioner was still being detained within the presumptively reasonable time frame under *Zadvydas*, and his petition should be dismissed without prejudice as premature.

Petitioner argues that the Court should find that the date of his original removal order, June 30, 2020, triggered the presumptively reasonable six-month removal period such that his petition is timely. (Doc. 13, p. 2-3). Although there is some support for this position in other districts, *see Salmon v. McAleenan*, No. 4:18-cv-01978-KOB-JHE, 2020 WL 2488090, at *2 n.2 (N.D. Ala. May 14, 2020), cases from this district indicate that the applicable removal period did not begin until Petitioner returned to ICE custody on July 2, 2025. *Meskini v. Att'y Gen. of United States*, No. 4:14-CV-42-CDL, 2018 WL 1321576, at

5

\*4 (M.D. Ga. Mar. 14, 2018) ("A strong argument exists that the *Zadvydas* removal period did not even begin until . . . Petitioner was returned to ICE custody after serving his criminal prison sentence."); *see also M.K. v. Warden, Stewart Det. Ctr.*, No. 4:23-cv-136-CDL-MSH (M.D. Ga. filed Oct. 19, 2023), report and recommendation adopted, No. 4:23-cv-136-CDL-MSH (M.D. Ga. filed Dec. 1, 2023).

The petitioner in *M.K. v. Warden, Stewart Det. Ctr.* had a similar background to Petitioner in this case. In *M.K.*, the petitioner was in ICE custody for eight months in 2012 before he was released under an order of supervision. He did not return to ICE custody until May 2023. In recommending that the petitioner's application be dismissed as premature, the court noted, "Finding Petitioner's current detention presumptively unreasonable because of a period of detention occurring over eleven years ago would effectively eviscerate § 1231(a)'s purpose of allowing the Government time to arrange for an alien's removal, including contacting foreign consulates and obtaining necessary travel documents." *Id.*

In this case, there is no cause to divert from this district's precedent. Petitioner's order of removal became final on June 30, 2020, when he waived his appeal and was ordered removed. (Doc. 5-1, ¶ 8); *see* 8 C.F.R. § 1241.1(b). Petitioner was released from ICE custody on an order of supervision on May 21, 2021, and was not taken back into custody until July 2, 2025. (Doc. 5-1, ¶¶ 9, 10). Petitioner then filed this Section 2241 petition on July 29, 2025, less than one month later. (Doc. 1). Petitioner, as of the time of his petition, was still being detained within the presumptively reasonable six-month time frame under *Zadvydas*. *See Gozo*, 309 F. App'x at \*2. Petitioner was in ICE custody for

less than six months at the time of his filing, and Petitioner's argument that the Court should find his current detention presumptively unreasonable because of a period of detention four to five years ago is not persuasive. As such, Petitioner's claim for relief is premature.[1]

Because the Eleventh Circuit has made clear that the "six-month period . . . must have expired at the time [the petitioner's] § 2241 petition was filed in order to state a claim under *Zadvydas*," the Court sees no alternative to dismissing the current petition. *See Akinwale*, 287 F.3d at 1052 (affirming "dismissal without prejudicing [the petitioner's] ability to file a new § 2241 petition in the future that may seek to state a claim upon which habeas relief can be granted"), However, should Petitioner still be detained once the six-month period has elapsed, Petitioner would not be prohibited filing a subsequent petition.

## CONCLUSION

Petitioner's motions for a show cause order (Docs. 7, 10) are **DENIED as moot**. For the reasons discussed herein, it is **RECOMMENDED** that Respondent's motion to dismiss (Doc. 5) be **GRANTED** and Petitioner's application for habeas corpus relief (Doc. 1) be **DISMISSED as premature**. Because Petitioner's application should be dismissed as premature and the Court is without authority to prevent the execution of Petitioner's removal order, it is further **RECOMMENDED** that Petitioner's motions for a temporary restraining order (Docs. 8, 11) be **DISMISSED**.

---

[1] Because Petitioner's Section 2241 petition is premature, the Court need not analyze whether he has shown there is not a significant likelihood of removal in the reasonably foreseeable future. Petitioner argues that he has met this burden because Iran previously rejected his request for travel documents and because there is no suggestion that that position is likely to change in the foreseeable future despite Respondent's argument otherwise. (Doc. 13, p. 4-5); *see also* (Doc. 5-6).

## **OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. Any objection is limited in length to TWENTY (20) PAGES. See M.D. Ga. L.R. 7.4. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO ORDERED AND RECOMMENDED**, this 17th day of October, 2025.

s/ Charles H. Weigle_____<br>
Charles H. Weigle<br>
United States Magistrate Judge